**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Calpine Kennedy Operators, Inc., et al. | |
| Debtors. | Case No. 05- 60200 (brl)<br>Jointly Administered |
| Calpine Kennedy Operators, Inc., et al. | |
| | Adversary Proceeding No. 05-3571 |
| Plaintiffs, | |
| v. | |
| Federal Energy Regulatory Commission, | |
| Defendant. | |

***EX PARTE* TEMPORARY RESTRAINING ORDER AGAINST**
**FEDERAL ENERGY REGULATORY COMMISSION**

Upon the motion for Declaratory Judgment, *Ex Parte* Temporary Restraining Order, and Preliminary Injunction, upon the Affidavits of Paul Posoli and Steven A. Engel, Esq. dated December 20, 2005, the above-captioned Debtors, have requested pursuant to Federal Rule of Civil Procedure 65(b) and Federal Bankruptcy Rule 7065 an *ex parte* temporary restraining order against the Defendant Federal Energy Regulatory Commission ("FERC"). It appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in

interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED:

1.      Debtors have filed a Complaint for Declaratory Judgment, *Ex Parte* Temporary Restraining Order, and Preliminary and Permanent Injunction against the Defendant seeking the following relief:

> A.      Declaring that any action by FERC to initiate or continue, or encourage any person or entity to initiate or continue, any proceeding before FERC to require or coerce the Debtors to continue performing under the executory contracts identified in Schedule 1 shall constitute a violation of 28 U.S.C. § 1334(b), (e) and 11 U.S.C. §§ 105(a), 362(a) and 365.
>
> B.      Declaring that any attempt or action by FERC to require or coerce the Debtors to continue performing under the executory contracts identified in Schedule 1 shall constitute a violation of 11 U.S.C. §§ 105(a), 362(a), and 365.
>
> C.      Preliminarily and permanently enjoining FERC from initiating or continuing, or encouraging any person or entity to initiate or continue, any proceeding before FERC to require or coerce the Debtors to continue performing under the executory contracts identified in Schedule 1.
>
> D.      Preliminarily and permanently enjoining FERC from entering any order that would require the Debtors to continue performing under the executory contracts identified in Schedule 1 in a manner that would interfere with this Court's exclusive jurisdiction to hear and determine any motion pursuant to 11 U.S.C. § 365.

2.      The Debtors are not seeking to enjoin any exercise of FERC's regulatory jurisdiction beyond the confines of the relief requested herein; nor do the Debtors seek to curtail FERC's powers to review, pursuant to 11 U.S.C. §1129(a)(6), any contracts or rates within its jurisdiction that may emerge in the final plan of reorganization.

3.      Nothing herein shall relieve the Debtors of their obligations to comply with applicable law and FERC rules and regulations except to the extent such compliance is inconsistent with the provisions of 11 U.S.C. § 365.

4.      As set forth in the Affidavits of Paul Posoli and Steven A. Engel, Esq. and the Memorandum of Law in Support of Debtors' Motion For Declaratory Judgment, *Ex Parte Temporary Restraining Order, And Preliminary Injunction Against Federal Energy Regulatory Commission*, the Debtors, their estates, and their creditors will suffer immediate and irreparable harm if the relief requested in paragraphs 1(C) and (D), above, is not granted on an expedited and *ex parte* basis, without notice to FERC or its counsel.

5.      Pursuant to Rule 7065 of the Bankruptcy Rules, Federal Rule of Civil Procedure 65(b) and Local Bankruptcy Rule 9077-1, Debtors' requested relief should be granted on an *ex parte* basis.   The Court finds that if FERC had notice of this proceeding before entry of a temporary restraining order, there is a substantial likelihood that FERC would order the Debtors to continue performance of the burdensome executory contracts and thereby might divest this Court of its jurisdiction over the bankruptcy estate, resulting in significant harm to the Debtors, their creditors, and the reorganization process.

IT IS THEREFORE ORDERED AS FOLLOWS:

A.      Any action by FERC to initiate or continue, or encourage any person or entity to initiate or continue, any proceedings before FERC to require or coerce the Debtors to continue performing under the executory contracts identified in Schedule 1 shall constitute a violation of 28 U.S.C. § 1334(b), (e) and 11 U.S.C. §§ 105(a), 362(a), and 365.

B.      Any attempt or action by FERC to require or coerce the Debtors to continue performing under the executory contracts identified in Schedule 1 shall constitute a violation of 11 U.S.C. §§ 105(a), 362(a), and 365.

C.      FERC is temporarily restrained from initiating or continuing, or encouraging any person or entity to initiate or continue, any proceeding before FERC to require or coerce the Debtors to continue performing under the executory contracts identified in Schedule 1.

D.      FERC is temporarily restrained from entering any order that would require the Debtors to continue performing under the executory contracts

identified in <u>Schedule 1</u> in a manner that would interfere with this Court's exclusive jurisdiction to hear and determine any motion pursuant to 11 U.S.C. § 365.

6.    The Debtors will immediately serve this Temporary Restraining Order on FERC and its counsel, and on the federal government as required by Federal Rule of Civil Procedure 4. A preliminary injunction hearing will be held before the Court on the 29th day of December, 2005 at 10:00 o'clock a.m.

7.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this temporary restraining order.

8.    The terms and conditions of this temporary restraining order shall be immediately effective and enforceable upon its entry.

9.    Pursuant to Bankruptcy Rule 7065, Debtors are exempt from providing security as otherwise required by Federal Rule of Civil Procedure 65(c).

10.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 21, 2005 @ 11:15 a.m.    /s/ Burton R. Lifland
_____
United States Bankruptcy Judge